IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DAVID ALLEN MOSHER, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 7:04-CV-132 (HL) |
| JOHN CHADWICH REHBERG and | : | |
| DEBORAH POWER FRAZIER, | : | |
| Defendants. | : | |

**ORDER**

Before the Court is Defendant Deborah Frazier's Motion for Additional Peremptory Jury Challenges (Doc. 28) and Defendant Frazier's Motion for Summary Judgment (Doc. 34). Defendant Frazier's Motion for Additional Peremptory Jury Challenges is denied with leave to re-file after the pretrial order in the case has been issued. Further, after consideration of the pleadings, depositions, affidavits, and briefs, the Court hereby denies Defendant Frazier's Motion for Summary Judgment for the reasons explained below.

**I. FACTS**

Construing the evidence in the light most favorable to the non-moving party, the Court finds as follows. On December 28, 2002, the Plaintiff, David Allen Mosher, Defendant Deborah Power Frazier, and Defendant John Chadwick Rehberg were involved in a three-vehicle accident on I-75. (Mosher Dep. at 24:18-25:2.) All three vehicles were traveling in the left lane of the southbound portion of I-75. (Mosher Dep. at 24:21.) Plaintiff Mosher was driving the lead vehicle, Defendant Frazier was driving the second vehicle, accompanied by her passenger Patricia Hutto, and Defendant Rehberg was driving the third vehicle following Defendant Frazier. (Mosher Dep. at 24:22-23;

Rehberg Dep. at 24:21-23.)  The traffic was busy and crowded in the area due to the holiday season. (Mosher Dep. at 56:15-16, 24:18-19; Frazier Dep. at 23:17-19; Rehberg Dep. at 24:17-25:16.)  The traffic slowed due to a construction zone on the interstate and the vehicles merged into one lane. (Frazier Dep. 14:22-15:25.)

Defendant Frazier noticed Defendant Rehberg traveling behind her prior to the accident. (Frazier Dep. at 22:8-16.)  According to Defendant Frazier, Defendant Rehberg was talking and joking with his female passenger.  (Frazier Dep. at 22:13-16.)  Defendant Rehberg admits to being distracted by his passenger and  taking his eyes off the road for approximately five to eight seconds. (Rehberg Dep. at 24:17-23, 27:12-16.)  Apparently, because of this distraction, Defendant Rehberg's vehicle hit Defendant Frazier's vehicle and Defendant Frazier's vehicle hit Plaintiff Mosher's vehicle. (Mosher Dep. at 61:24-62:12; Rehberg Dep. at 24:21-23, 32:18-24.)  Plaintiff Mosher filed this action on November 19, 2004 against Defendants Rehberg and Frazier.(Mosher Compl. at 2-4.)  Plaintiff Mosher alleges Defendant Rehberg was negligent and caused the accident because he was traveling too close to the car in front of him and Defendant Frazier was negligent and caused the accident because she was traveling to close to Plaintiff's car.  (Mosher Compl. at 2-4.)

Although the events leading up to the collision are generally undisputed, disputes exist in the record  over how the accident actually occurred.  First, Defendant Frazier's testimony regarding the distance between her vehicle and Plaintiff Mosher's vehicle is in dispute.  Defendant Frazier first testified that she did not know how close she was traveling to Plaintiff Mosher's vehicle in front of her.  (Frazier Dep. at 27:8-11.)  However, Defendant Frazier later testified that she may have been traveling "a good car length" behind Plaintiff Mosher's vehicle.  (Frazier Dep. at 73:22-23.)  Plaintiff Mosher testified that he did not know how close Defendant Frazier was traveling behind his vehicle

prior to the accident.  (Mosher Dep. at 55:13-22.)

Second, Defendant Frazier's testimony is also in conflict regarding whether her vehicle came to a complete stop after the first impact from Defendant Rehberg's vehicle.  Defendant Frazier first testified that after the first impact, her vehicle came to a complete stop before Defendant Rehberg's vehicle hit her vehicle again, pushing Defendant Frazier's vehicle into Plaintiff Mosher's vehicle.  (Frazier Dep. at 19:3-24.)  However, Defendant Frazier later testified that her vehicle did not come to a complete stop following the first impact from Defendant Rehberg's vehicle.  (Frazier Dep. at 28:1-4, 31:2-32:20.)

Third, the number of times the three vehicles collided is in dispute.  Defendant Rehberg testified that he hit Defendant Frazier once.  (Rehberg Dep. at 27:23-28:11.)  Defendant Frazier, however, testified that Defendant Rehberg hit her twice from behind and that she hit Plaintiff Mosher in front of her only after the second impact from Defendant Rehberg's vehicle.  (Frazier Dep. at 18:24-20:12.)  Plaintiff Mosher, however, testified that Defendant Frazier hit his vehicle twice. (Mosher Dep. at 59:17-18.)

Fourth, the parties' testimony concerning the speed of the vehicles prior to the accident varies significantly. Defendant Frazier testified to traveling about 10-15 miles an hour.  (Frazier Dep. 25:15, 26:8-11.)  Defendant Frazier's passenger, Patricia Hutto, testified to traveling around 35-40 miles an hour. (Hutto Dep. 11:9.)  Defendant Rehberg testified that he was traveling around 10-15 miles an hour. (Rehberg Dep. 24:21.)  Plaintiff Mosher testified to traveling about 35 miles an hour before the accident.  (Mosher Dep. 27:12.)

Defendant Frazier's Motion for Summary Judgment filed on November 28, 2005, alleges that Plaintiff Mosher failed to produce any evidence of the negligence of Defendant Frazier and that

3

Defendant Frazier did not cause the accident in any way.  (Frazier Mem. Supp. Mot. Summ. J. at 9-13.)  Both Defendant Rehberg and Plaintiff Mosher filed responses to the Motion for Summary Judgment, arguing that genuine issues of material fact in the record preclude summary judgment.  (Rehberg Resp. at 3; Mosher Resp. at 6-13.)

## II. ANALYSIS

A.  Summary Judgment Standard

Summary judgment is appropriate if the pleadings, depositions, admissions, answers to interrogatories, and affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  For purposes of a summary judgment motion, a fact is material if it is a legal element of the claim and might affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  The fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." Id.  When evaluating a Motion for Summary Judgment, the Court must consider all evidence and "reasonable factual inferences" in the light most favorable to the non-moving party.  Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1326 (11th Cir. 2005).

The moving party is entitled to judgment as a matter of law when the nonmoving party has failed to make a sufficient showing on an essential element of the cause of action to which that party has the burden of proof at trial.  Celotex, 477 U.S. at 323, 106 S. Ct. at 2553.  The moving party has the initial burden to show the Court that "there is an absence of evidence to support the nonmoving party's case" and the absence of a genuine issue of material fact.  Id. at 325, 106 S. Ct. at 2554.  If the moving party meets this burden, only then does the burden shift to the nonmoving party "to

demonstrate that summary judgment would be inappropriate because there exists a material issue of fact." Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000).

The nonmoving party is then required to "go beyond the pleadings" and to present evidence in the form of affidavits, depositions, answers to interrogatories, and admissions on file and "designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. The nonmoving party cannot rely on a mere "scintilla" of evidence, but must show evidence sufficient for a jury to "properly proceed to find a verdict" for that party. Anderson, 477 U.S. at 251, 106 S. Ct. at 2511. The evidence cannot be mere "conclusory allegations or legal conclusions." Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Summary judgment must be entered for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552.

B. Defendant Frazier's Motion

A cause of action for negligence in Georgia[1] must have the following elements: (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others; (2) a breach of that standard; (3) a legal causal connection between the breach of the standard of conduct and the resulting injury; and (4) damages to the plaintiff as a result of the breach of duty. Bradley Center v. Wessner, 250 Ga. 199, 200, 296 S.E.2d 693, 694 (Ga. 1982). To survive a motion for summary judgment, a

---

[1] In diversity cases, federal courts must apply federal procedural rules, but substantive state law. Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938); Byrd v. Blue Ridge Rural Elec. Corp., 356 U.S. 525, 535, 78 S. Ct. 893, 899 (1958). Substantive summary judgment issues are determined by state law in federal diversity cases. Royal Ins. Co. of America v. Whitaker Contracting Corp., 242 F.3d 1035, 1040 (11th Cir. 2001); Ray v. Continental Western Ins. Co., 920 F. Supp. 1094, 1100 (D. Nev. 1996). Because this is a diversity case and the accident occurred in Georgia, Georgia substantive law will be used.

plaintiff must produce specific facts, showing a genuine issue for trial, of how the defendant was allegedly negligent and proximately caused the plaintiff's injuries. Precise v. City of Rossville, 261 Ga. 210, 212, 403 S.E.2d 47, 49 (Ga. 1991); Cromer v. Hodges, 216 Ga. App. 548, 548-49, 455 S.E.2d 94, 96 (Ga. Ct. App. 1995). Defendant Frazier argues that Plaintiff Mosher has failed to produce sufficient evidence of negligence or proximate cause on the part of Defendant Frazier. (Frazier Mot. Summ. J. Mem. Supp. at 12.) Both Defendant Rehberg and Plaintiff Mosher argue that the evidence in the record establishes a genuine issue of material fact as to whether Defendant Frazier was negligent in following too closely to Plaintiff Mosher's vehicle or caused the accident. (Rehberg Resp. at 3; Mosher Resp. at 6-13.)

The responsibilities of a driver following another vehicle are found in O.C.G.A. § 40-6-49 (2005). A driver "shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." O.C.G.A. § 40-6-49(a) (2005). Whether a driver is following too closely should be determined by the jury unless either one party admits liability, or the facts are undisputed. Cameron v. Peterson, 264 Ga. App. 1, 3, 589 S.E.2d 834, 836 (Ga. Ct. App. 2003). When these two limited situations are not in the record, "reasonable minds rarely agree on the issue of liability in rear-end collision cases." Atlanta Coca-Cola Bottling Co. v. Jones, 236 Ga. 448, 450-51, 224 S.E.2d 25, 27 (Ga. 1976). Whether a driver is acting reasonably by following at a safe distance or acting negligently by following too closely to a vehicle depends on the jury's determination of the circumstances at the time, including the time of day, weather conditions, and traffic conditions. Cameron, 264 Ga. App. at 3-4, 589 S.E.2d at 835-36 (citing Atlanta, 236 Ga. at 450, 224 S.E.2d at 27). Therefore, summary judgment is not appropriate when an issue of material fact exists as to whether a following driver

acted in a negligent manner.

Further, when the evidence in the record is in conflict as to how an accident occurred, a motion for summary judgment should be denied. Watson v. Hamil, 122 Ga. App. 120, 121, 176 S.E.2d 276, 277 (Ga. Ct. App. 1970), *overruled on other grounds by* Milline v. American Can Co., 160 Ga. App. 752, 754, 288 S.E.2d 71, 73 (Ga. App. 1981). In Watson, the plaintiff, Hamil, filed suit against a following driver, Johnson, for damages resulting from a rear-end accident. 122 Ga. App. at 120-21, 176 S.E.2d at 277. Johnson then filed a third party complaint against the driver of the third vehicle following him, Watson. Id. at 121, 176 S.E.2d at 277. Watson filed a Motion for Summary Judgment, which was denied. Id., 176 S.E.2d at 277. The Georgia Court of Appeals affirmed the denial of the Motion for Summary Judgment because conflicting and disputed evidence existed in the record as to how the accident occurred, specifically as to which driver's vehicle first came into contact with another vehicle. Id., 176 S.E.2d at 277. Accordingly, when evidence in the record conflicts or is disputed as to how an accident occurred, the moving party is not entitled to summary judgment as a matter of law.

In this case, several factual disputes in the record preclude the granting of summary judgment for Defendant Frazier. Given the factual disputes regarding the distance between Defendant Frazier's vehicle and Plaintiff Mosher's vehicle prior to the accident, whether Defendant Frazier's vehicle came to a complete stop following the first impact from Defendant Rehberg's vehicle, the number of times the three vehicles collided, and the speed of the vehicles prior to the accident, genuine issues of material fact exist as to whether Defendant Frazier was negligent. A reasonable jury could determine that Defendant Frazier was negligent by traveling too closely to Plaintiff Mosher's vehicle based on the speed of the vehicles, the traffic conditions, and whether Defendant Frazier was able to completely

stop her vehicle before colliding with Plaintiff Mosher's vehicle.  Therefore, because there are genuine issues of material fact that preclude a judgment as a matter of law, Defendant Frazier's Motion for Summary Judgment is denied.

### III. CONCLUSION

In conclusion, Defendant Frazier's Motion for Additional Peremptory Jury Challenges is denied with leave to re-file after the pretrial order in the case has been issued and Defendant Frazier's Motion for Summary Judgment is denied.

**SO ORDERED**, this the 27th day of March, 2006.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

emd